```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**UNITED STATES OF AMERICA**

  **vs.**           Criminal Action 2:17-cr-0110(2)
                 JUDGE JAMES L. GRAHAM

**RAFAEL SALEAD-IBARRA**[1]

### REPORT AND RECOMMENDATION

  Defendant Rafael Salgado Ibarra is charged by *Indictment* with three (3) counts of violating federal drug laws. The United States of America and Defendant entered into a plea agreement, executed pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby Defendant agreed to enter a plea of guilty to Count 2 of the *Indictment*, which charges him with conspiracy to possess with intent to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841.[2] On October 19, 2017, Defendant, accompanied by his counsel and with the assistance of a Spanish interpreter, appeared for a change of plea proceeding. Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 2001 WL 1587410 at *1 (6th Cir. 2001) [Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed]; *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001); *United States v. Dees,* 125 F.3d 261, 263-69 (5th Cir. 1997); *United States v. Ciapponi,* 77 F.3d 1247, 1251 (10th Cir. 1996).

  During the plea proceeding, the undersigned observed the appearance and responsiveness of Defendant in answering questions.

---

[1] Defendant stated at the change of plea proceeding that his name is actually Rafael Salgado Ibarra, as reflected in his signature on the *Plea Agreement* and statement of facts appended to the *Plea Agreement*. The United States thereupon moved to amend the Indictment to indicate that the correct name of the Defendant is "Rafael Salgado Ibarra aka Rafael Salead-Ibarra." Defendant did not object to the motion, which the Court then granted.

[2] The *Plea Agreement*, Doc. 60, also contains an appellate waiver provision.

Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Prior to accepting Defendant's plea, the undersigned addressed Defendant personally and in open court and determined his competence to plead.  Based on the observations of the undersigned, Defendant understands the nature and meaning of the charges returned in the *Indictment* and the consequences of the plea to Count 2 of the *Indictment*.  Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary.  Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on October 4, 2017, represents the only promises made by anyone regarding the charges in the *Indictment*.  Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, Defendant may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge, which is attached to the *Plea Agreement*.  He confirmed that he is pleading guilty to Count 2 of the *Indictment* because he is in fact guilty of the offense charged in Count 2 of the *Indictment*.  The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to Count 2 of the *Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that Defendant's guilty plea to Count 2 of the *Indictment* be accepted.  Decision on acceptance or rejection

of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by Defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; Defendant's attorney may be present if he wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

October 19, 2017                              *s/  Norah McCann King*
 Date                                     Norah M<sup>c</sup>Cann King
                                     United States Magistrate Judge

3